UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KATRINA STANLEY OBO P.S.,

    Plaintiff,

v.                                   Civil No. 05-CV-10302-BC

COMMISSIONER OF              DISTRICT JUDGE DAVID M. LAWSON
SOCIAL SECURITY,               MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
(Dkt. 9)

**I.    RECOMMENDATION**

Because plaintiff's Complaint is barred by the running of the applicable statute of limitations, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**, and that **PLAINTIFF'S COMPLAINT BE DISMISSED.**

**II.    REPORT**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case has been referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for social security benefits. Plaintiff's petition was filed November 29, 2005. On December 9, 2005, the Court granted Plaintiff's application to proceed *in forma pauperis*. (Dkt. 5.) The instant motion followed on April 3, 2006.[1] Plaintiff has

---

[1] Defendant requested and was given an extension of time to respond to Plaintiff's Petition. (Dkts. 7, 8.)

filed no response to Defendant's motion within the time given in a notice filed April 5, 2006. (Dkt. 10.) The motion is therefore ready for report and recommendation.

Defendant argues in the instant motion that Plaintiff has failed to comply with the statute of limitations contained in the Social Security Act, thereby requiring this Court to dismiss Plaintiff's Petition. Attached to the motion is a document entitled "Notice of Appeals Council Action" dated September 21, 2005. (Def.'s Mot., Dkt. 9, Ex. 1.)

Section 405 of the Social Security Act provides in pertinent part as follows:

(g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a <u>civil action commenced within sixty days after the mailing to him of notice of such decision</u> or within such further time as the Commissioner of Social Security may allow. . . .

(h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. <u>No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided</u>. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 [the section of the Judicial Code defining the jurisdiction of the federal district courts] to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g)(h) (emphasis added).

The Commissioner, in 20 C.F.R. § 422.210(c), has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review. By regulation, the Commissioner presumes this receipt to be five days after the date of the notice unless there is reasonable showing to the contrary. *Id.*

In *Weinberger v. Salfi*, 422 U.S. 749, 95 S. Ct. 2457, 45 L. Ed. 2d 522 (1975), the United States Supreme Court dealt with the statute of limitations contained in Section 405. There, the Supreme Court stated:

2

> Section 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business. The second and third of these requirements specify, respectively, a statute of limitations and appropriate venue.

*Id.* at 763-64.

This language was reaffirmed by the court in *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). The purpose and construction of this statute are well explained in *Leslie v. Bowen*, 695 F. Supp. 504 (D. Kan. 1988).

> The 60-day filing period is a statute of limitations and not a jurisdictional bar. *Thibodeaux*, 819 F.2d at 79; *see Bowen v. City of New York*, 476 U.S. 467, 479, 106 S. Ct. 2022, 2029, 90 L. Ed. 2d 462 (1986). As it is a condition to the waiver of sovereign immunity, the 60-day filing requirement is strictly construed. *Bowen v. City of New York*, 476 U.S. at 479, 1206 S. Ct. at 2029. By this provision, Congress intended to facilitate the speedy resolution of cases in a bureaucracy processing millions of claims each year. *Id*. at 481, 106 S. Ct. at 2030.

*Id*. at 506.

I note that the Sixth Circuit has consistently upheld the application by a district court limitation period contained in 42 U.S.C. § 405(g). *See Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994). In other words, to timely appeal from the "Final Decision" in this matter, Plaintiff had to have filed suit in this Court within 65 days from the September 21, 2005, Notice of Appeals Council Action, in other words, by Friday November 25, 2005, 4 days prior to the actual filing date of the Plaintiff's petition. Under the circumstances, I am constrained to suggest that Plaintiff has failed to file suit within the explicit statute of limitations contained in 42 U.S.C. § 405, or to either request an extension of time[2] or provide a "reasonable explanation" justifying a departure from the

---

[2]*See* Dkt. 9, Ex. 2.

3

time limitations set forth in that statute. On the record before me, I therefore suggest that dismissal is required.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n. of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                           s/ *Charles E Binder*
                                           CHARLES E. BINDER
Dated: May 22, 2006                     United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James Brunson, and served in the traditional manner on Katrina Stanley and Honorable David M. Lawson.


Dated: May 22, 2006                          By    s/Mary E. Dobbick
                                                  Secretary to Magistrate Judge Binder